UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE:                                           :         CASE NO. R11-40606
CHARLES DANIEL McALLISTER         :
FRANCIS DIANE McALLISTER          :         CHAPTER 13
    Debtor(s).                              :

**SECOND AMENDED CHAPTER 13 PLAN**

<u>Summary of Most Recent Changes</u>
-Amended treatment of CitiMortgage and Hamilton Medical Center claims to reflect contingent outcomes of adversary vs. CitiMortgage
-Amended amounts owed to IRS and GA Dept. of Revenue
-Increased Plan Payment to $725/mo

**Extension** ☐                                                                 **Composition** ☒

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate of your claim.**

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of the Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **$725.00** per month to Trustee by ☐ Payroll Deduction(s) or by ☒ Direct Payment(s) for the applicable commitment period of **36** months, unless all allowed claims in every class, other than long–term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. See 11 U.S.C. §§ 1325 (b)(a)(B) and 1325 (b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

    The following alternative provision will apply if selected:

    ☐ IF CHECKED, Plan payments will increase by $_____ on _____ upon _____. These additional funds will be allocated on a pro-rata basis to the claims being funded at the time.

3. **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

1

(A). **Trustee's Fees.**  Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

(B). **Debtor's Attorney's Fee.**  Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of **$3,000.00** for the services identified in the Rule 2016(b) disclosure statement filed in this case.  The amount of $0.00 was paid prior to the filing of the case.  The balance of the fee shall be disbursed by Trustee as follows: (1) Upon the first disbursement following confirmation of a plan, Trustee shall disburse to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to $3,000.00 after the payment of adequate protection payments and administrative fees.  The remaining balance of the fees shall be paid up to **$175.00** per month until the fees are paid in full; (2) If the case is dismissed or converted prior to confirmation of the plan, Trustee shall pay fees to Debtor's attorney from the proceeds available and paid into the offices of the Trustee by Debtor or on Debtor's behalf, all funds remaining, not to exceed $3,000.00, after payment of any unpaid filing fees, Trustee's fees and expenses, and adequate protections payments, if applicable.

Debtor and Debtor's attorney have further agreed that Debtor's attorney may be paid for "non-base" services.  Debtor's attorney bills these "non-base" services at standard hourly rates for its attorneys and staff.  Upon completion of a "non-base" service and after application, notice, hearing, and approval, Debtor's attorney shall be eligible for compensation for legal services performed and for reimbursement of reasonably necessary expenses incurred in completion of the "non-base" service.  Trustee shall pay any "non-base" fee at the monthly rate set forth in the above paragraph after the base fee has been paid in full, or if the base fee has already been paid, then beginning with Trustee's next disbursement.  Trustee shall prorate the reduction in distribution to any creditors until the additional fee is paid in full.

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**  ☒ None.  If none, skip to Plan paragraph 5(B).

   (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii). The name(s) and address(es) of the holder(s) of any domestic support obligation are as follows, *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6):

   (iii). Anticipated Domestic Support Obligation Arrearage Claims.

   (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322 (a)(2).  These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   ☒None; or

| (a) Creditor (Name and Address | (b) Estimated Arrearage Claim | (c) Projected Monthly Arrearage Payment |
|---|---|---|
|  |  |  |

   (b). Pursuant to §§ 507(a)(1)(B) and 1322 (a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a government unit.

2

☒None; or

Claimant and proposed treatment: _____

(B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a) Creditor | (b) Estimated Claim |
|---|---|
| **IRS** | **$10,167** |
| **GA Dept. of Revenue** | **$413** |

6. **Secured Claims.**

   (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

   (i). **Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If Debtor elects to make such adequate protection payments on allowed claims to Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to Trustee, including the amount and date of the payment.

   Debtor shall make the following adequate protection payments:

   ☐ Directly to the creditor; or

   ☒ to Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate Protection Payment |
|---|---|---|
|  |  |  |

   (ii). **Post-confirmation adequate protection payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

   (a). **Claims to which § 506 valuation is NOT applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor and the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt in any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is

3

filed and sustained by the Court.  Payments distributed by Trustee are subject to the availability of funds.

☒ None; or

| (a) Creditor | (b) Collateral | (c) Pur. Date | (d) Claim Amt. | (e) Int. Rate | (f) Monthly Payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

(b). **Claims to which § 506 valuation IS applicable.**  Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a).  After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rated stated in column (e).  The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim.  Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court.  Payments distributed by the Trustee are subject to the availability of funds.

☒ None; or

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Fair Market Value* | (e) Interest Rate | (f) Monthly Payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

*If the respective claim amount is less than the fair market value, the claim amount is listed.

(c). **Other payment provisions.**  ☒ None; or

(iii). **Other provisions applicable to claims secured by personal property which debtor intends to retain.**

(a). **Claims believed to be secured that are filed as unsecured.** If upon Debtor's best estimate and belief, a claim is listed in this Plan as secured and the respective creditor files a proof of claim as a wholly unsecured creditor, such a creditor shall be treated as unsecured under this Plan and shall transfer or convey any title, lien, and/or other property of the estate, currently held by the creditor, to Debtor.  Failure to promptly amend an unsecured claim into a secured claim or to deliver estate property to Debtor may constitute a violation of the automatic stay imposed by § 362.

(b). **Retention and release of liens.**  Any holder of a secured claim provided for in this plan will retain the lien securing its claim until the earlier of: (1) the payment of the underlying debt determined under non-bankruptcy law; or (2) the discharge under § 1328.  Upon occurrence of either (1) or (2), any such holder of a secured claim shall promptly release its lien under applicable non-bankruptcy law, including, without limitation, transfer or conveyance of title, cancellation of lien or UCC-1 filing statement, release of funds subject to set-off or any other estate property held as security.

4

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.**

   (i). **Direct Payments on Mortgages and arrearages cured through Plan.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest. *See paragraph 10(E) regarding mailing bills to Debtor for direct payment debts.*

☒ None; or

| (a) Creditor | (b) Property Description | (c) Estimated Pre-petition Arrearage | (d) Projected Monthly Arrearage Payment |
|---|---|---|---|
|  |  |  |  |

   (ii). **Other payment provisions on Claims Secured by Real Property.** After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payments with interest as listed below. Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by Trustee are subject to the availability of funds.

     (a). **CitiMortgage, Inc. ("Citi"). <u>Claim amount is disputed.</u>** Citi holds a matured note secured by a first priority lien on Debtor's residence. Debtor estimates the claim to be **$2,811.87**, as reflected on Claim #7 on the register filed by Debtor's counsel. Citi estimates the claim to be **$60,184.55**, as reflected on Claim #8 on the register filed by Citi. Debtor has filed an adversary proceeding in this Court, case 11-04053-pwb, to determine the extent of the claim and if Citi is liable to Debtor for various alleged violations. <u>Debtor will object or otherwise cause Claim #7 to be withdrawn and that claim will not be funded</u>. The treatment of Citi's claim, Claim #8, will be <u>contingent</u> on the outcome of the adversary proceeding, as follows:

       (1). **Event Claim is $0.00.** In the event Citi's claim is adjudicated to be <u>$0.00</u>, the Trustee will not fund the claim and any amounts paid to Debtor or Debtor's counsel will be distributed in accordance with approval and further order of the Court;

       (2). **Event Claim is between $0.01 and $7,500.00.** In the event Citi's claim is adjudicated to be <u>between $0.01 and $7,500.00</u>, the Trustee will fund this claim in full with **5% interest, $410/mo;**

       (3). **Event Claim is between $7,500.00 and $27,500.00.** In the event Citi's claim is adjudicated to be <u>between $7,500 and $27,500.00</u>, the Trustee will fund this claim in full with **5% interest, $460/mo; or**

       (4). **Event Claim is greater than $27,500.00.** In the event Citi's claim is adjudicated to be <u>greater than $27,500.00</u>, this claim will be subject to valuation in the amount of **$27,500.00**, being the value of Debtor's residence / collateral, and the Trustee will fund this claim in said amount with **5% interest, $460/mo.**

(b). **Hamilton Medical Center** holds a judgment secured by a second priority lien on Debtor's residence, in the amount of **$2,168.39 (Amended Claim #2).** This claim could potentially impair Debtor's exemptions, if the first priority secured claim of CitiMortgage, Inc. is adjudicated to be greater than $5,331.61. Therefore, the treatment of Hamilton Medical Center's secured claim will be contingent on the outcome of the adversary proceeding against CitiMortgage, Inc., as follows:

(1). If CitiMortgage, Inc.'s claim is adjudicated to be equal to or less than $5,331.61, the Trustee will fund Hamilton Medical Center's Claim #2 in full with 5% interest, $50/mo; or

(2). If CitiMortgage, Inc.'s claim is adjudicated to be between $5,331.61 and $7,499.99, Debtor reserves the right to object and move to avoid Hamilton Medical Center's judicial lien to the extent it impairs Debtor's exemptions. The Trustee will fund the remaining secured claim of Claim #2 with 5% interest, $50/mo; or

(3). If CitiMortgage, Inc.'s claim is adjudicated to be greater than $7,500.00, Debtor reserves the right to object and move to avoid Hamilton Medical Center's judicial lien in its entirety. In that event, Claim #2 will be treated as a general unsecured claim.

(c). **GA Dept. of Revenue** holds a tax lien secured by a third priority lien on Debtor's residence. Debtor estimates the claim to be **$2,888**. The Trustee will pay this secured claim with **5% interest, $105/mo.**

(C). **Surrender of Collateral.** Debtor will surrender the following collateral to its respective creditor no later than thirty (30) days from the filing of the petition, or fourteen (14) days from the filing of the first plan that proposes to surrender the collateral, whichever is later, unless specified otherwise in this Plan or a later amended plan. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon, or sell the collateral. Nothing herein is intended to lift any applicable co-debtor stay, or to abrogate Debtor's state law contract rights. **Furthermore, Debtor is surrendering collateral and will object to additional payment on any respective liability of Debtor, unless the holder of the secured claim secured by such collateral:** (1) timely files an allowed secured proof of claim; (2) after surrender, the holder of the secured claim liquidates the collateral and perfects a deficiency claim under applicable state law; and (3) after liquidation, files an allowed, amended proof of claim for the deficiency within thirty days of liquidation. Upon plan confirmation, the automatic stay will be deemed lifted to the limited extent necessary for the holder of the secured claim to perfect a deficiency under state law.

| (a) Creditor | (b) Collateral to be Surrendered |
|---|---|
|  |  |

**7. Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in paragraph 10 is $44,500.00. After all other classes have been paid, Trustee will pay to

6

the creditors with allowed general unsecured claims a pro rata share of **$0.00 or 0%**, whichever is greater.  Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.**  The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).  Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors.  All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

    ☒ None; or

| (a) Creditor | (b) Nature of Lease or Executory Contract | (c) Payment to be Paid Direct by Debtor | (d) Projected Monthly Arrearage Payment Through Plan |
|---|---|---|---|
|  |  |  |  |

9. **Property of the Estate.**  Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. **Other Provisions:**

    (A). **Special classes of unsecured claims.**  NONE

    (B). **Other direct payments to creditors.**  NONE

    (C). **Other allowed secured claims.**  A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with the lowest interest rate in paragraph 6(a)(ii) as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

    (D). **Claims subject to lien avoidance pursuant to § 522(f).**  The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied.  If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan.  To the extent that the creditor's lien is not avoided and it is not otherwise treated by the plan, the secured claim shall be funded as set forth in paragraph 10(C).  **NONE, unless Hamilton Medical Center is subject to lien avoidance according to the outcome of the adversary proceeding vs. CitiMortgage, Inc.** *See Section 6(B)*

    (E). **Billing Debtor on Direct Payments.**  Any creditor that Debtor proposes to pay direct under this Plan is authorized and encouraged to mail regular monthly billing statements to Debtor at the mailing address listed with the Court.

11. **Request for Additional Time.**  Debtor will make a good-faith effort to file all documents and information required by 11 U.S.C. 521(a)(1) within 45 days after the filing of the petition.  In the event, Debtor(s) filings are deficient, Debtor(s) request, pursuant to 11 U.S.C. 521(i)(3), an additional

    45 days to file the information required under subsection (a)(1)(i.e. a total of 90 days after the filing of the petition) unless the court does not find justification for such extension.

Dated:  December 13, 2011

| | |
|---|---|
| */s/ Michael D. Hurtt* | *s/Charles Daniel McAllister* |
| Michael D. Hurtt | CHARLES DANIEL McALLISTER |
| GA Bar 380112 | |
| Attorney for Debtor | */s/Francis Diane McAllister* |
| The Hurtt Law Firm, LLC | FRANCIS DIANE McALLISTER |
| PO Box 1304 | |
| Dalton, GA 30722-1304 | |

8