IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME  DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | **Chapter 13** |
| **CHARLES DANIEL McALLISTER and** | : | |
| **FRANCIS DIANE McALLISTER,** | : | **Case No. 11-40606-pwb** |
| Debtors. | : | |
| | : | |

# Copies of Documents of Record in

## *In re Betty C. Walden,*
### Case No. 99-12191, U.S.B.C., N.D. Ga.

### Docketed at the Direction of the Court

| Dkt No | Date | | Page |
|---|---|---|---|
| 2 | 8/16/99 | Debtor's Chapter 13 Plan | 2 |
| 12 | 1/31/00 | Debtor's Application for Employment of Attorney | 4 |
| 14 | 2/7/00 | Amendment to Schedules B and C | 11 |
| 16 | 3/14/00 | Order Allowing Employment of Attorney | 15 |
| 17 | 8/10/00 | Debtor's Motion for Approval of Settlement | 18 |
| 22 | 11/07/00 | Order re Hearing in *In re Hunton,* Case No. 98-12687, concerning similar issue | 21 |
| 24 | 12/8/00 | Order Granting Motion to Approve Settlement | 24 |
| 33 | 3/6/01 | Order Denying Motion for Stay Pending Appeal | 26 |
| 45 | 1/23/02 | Certified Copy of District Court Order Affirming Bankruptcy Court Order, Civil Action No. 3:01-CV-52-JTC (Jan. 23, 2002) | 34 |
| 47 | 7/29/02 | Certified Copies of Judgment and Opinion of Eleventh Circuit Court of Appeals Affirming District Court Order, No. 02-10613 (June 13, 2002) | 42 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

IN RE: BETTY C. WALDEN                    :        CHAPTER 13
                                          :        CASE NO. **99-12191**
                                          :
                                          :
            DEBTOR(S)                     :        JUDGE:    W. HOMER DRAKE, JR.

### DEBTOR'S(S) CHAPTER 13 PLAN

EXTENSION ( )                                               COMPOSITION (X)

The debtor(s) submit(s) all future earnings or other future income of the debtor(s) to the supervision and control of the Court and trustee for the execution of the plan and debtor's (s') budget.

Pursuant to 11 U.S.C. Sec. 1301, et seq., the debtor(s) shall pay (PAY DIRECT REQUESTED [X]) or there shall be paid on the debtor's(s') behalf, to the Trustee, out of the debtor's(s') (husband's [ ] wife's [ ]) future income the sum of $ 155.00 per Month (week, bi-weekly, semi-monthly, month). Composition plans shall extend a minimum of thirty-six months regardless of proposed dividend to unsecured creditors.

**UNLESS OTHERWISE ORDERED BY THE COURT, THE TRUSTEE SHALL PROVIDE FOR AND DISBURSE ONLY TO CREDITORS WITH FILED AND ALLOWED CLAIMS, REGARDLESS OF THE DATE OF THE PLAN'S CONFIRMATION.**

From the payments so received the Trustee shall make disbursements as follows:

1.    **FILING FEE:** From the money received into the plan, the Trustee shall pay any remaining balance due on the filing fee.

2.    **ADMINISTRATIVE COSTS:** These expenses shall be paid to the Trustee or as otherwise authorized in such amounts as the Court fixes within the limits set forth in 11 U.S.C. Sec. 1325(a)(2) and 28 U.S.C. Sec. 586(e)(2).

3.    **DEBTOR'S(S') ATTORNEY'S FEE:** Without specific application or order but subject to court review, the Chapter 13 trustee is authorized to pay as an administrative expense of this case, the debtor's(s') attorney's fee as follows: (a) upon confirmation of the plan, a total fee of $1,250.00 (not to exceed $1250.00), less attorney's fees previously received totalling $ -0- , leaving a balance of $1,250.00, payable at the rate of $75.00 per month accruing from the date of filing and continuing monthly until paid; (b) if a plan is not confirmed and the case is dismissed or converted and after payment of the Chapter 13 trustee fees and expenses, a total fee of $ 600.00 (not to exceed $600.00), less attorney's fees previously received. Any payment in excess of the foregoing amounts shall require prior Court approval, upon application and hearing pursuant to 11 U.S.C. Sec. 330(a).

4.    **PRIORITY CLAIMS:** After payment of the foregoing expenses as approved by the Court, payment shall be made to priority creditors, whose claims have been filed and allowed, in such amounts as

P(13pln) 7/96                          1 of 2
                                         2

the plan provides, or as altered at the 341 meeting, and as approved by the Court at the confirmation hearing.

5.    SECURED CREDITORS:  The claims of secured creditors whose claims have been filed and allowed shall be paid as follows:

A.  Claims secured by principal residence:  Unless otherwise provided by the plan or order of this Court, defaults on claims secured by debtor's(s') principal residence shall be cured by payment of pre-petition arrearages within a reasonable time on a pro rata basis with other secured claims or in such monthly amounts as are determined at the 341 meeting, the confirmation hearing or by other Court order.

B.  All other secured claims:  The rights of holders of each other respective secured claims are hereby modified and each such secured creditor's claim shall be paid to the extent of the value of their security on a pro rata basis, or in such monthly amounts that are determined at the 341 meeting to be sufficient to protect the value of their collateral or in such monthly amounts that are approved or modified by the Court at the confirmation hearing.

C.  Unless otherwise specifically provided in this plan, or order of the Court, the holder of each secured claim retains the lien securing each claim.

6.    UNSECURED CREDITORS:  Unsecured creditors, whose claims have been filed and allowed, shall be paid to the extent of _____1%_____ cent(s) on the dollar of, said unsecured claims on a pro rata basis of all money available after payment of the above-stated claims as, proposed above, as determined at the 341 meeting, modified at the confirmation hearing, or as determined by Court order.  If debtor's(s') plan is less than 100% of all allowed claims, the debtor's(s') projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan shall be paid to the trustee to be applied to make payments under the plan and shall be distributed in accordance with the plan.

7.    CLAIMS LESS THAN $200.00:  At the discretion of the Trustee and subject to approval by the Court, any claims less than $200.00 may be paid in accordance with the plan at the beginning of the case.

8.    PAYMENTS DIRECT TO CREDITORS:    N/A _____

_____

_____

9.    OTHER PROVISIONS:    N/A _____

_____

10.   EXECUTORY CONTRACTS:  The following executory contracts shall be rejected:
        N/A _____

(In addition to listing the rejection of executory contracts here, the debtor must also file an application for rejection or an objection to the claim.)

DATE: _8-11-99_____        _Betty C Walden_____
                                            DEBTOR

_Alle M. Trapp Jr_____        _____
ATTORNEY FOR DEBTOR                DEBTOR

P(13pln) 7/96                        2 of 2



# THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF GEORGIA

### NEWNAN DIVISION

IN RE:                              *      Case # N99-12191

BETTY C. WALDEN                     *      Chapter 13

    Debtor                *      W. Homer Drake, Jr., Judge

## DEBTOR'S APPLICATION FOR EMPLOYMENT OF ATTORNEY

COMES now BETTY C. WALDEN, debtor herein, and respectfully represents the following:

1.

Debtor has employed John Dufour as her attorney for representation in a personal injury claim. The member of said firm is admitted to practice in this Court and has knowledge and experience in the field of personal injury, and is well qualified to represent said applicant.

2.

Debtor retained the services of John Dufour on October 20, 1999, as evidenced by a contract for employment attached hereto.

4



3.

In the administration of this case, the professional services that said attorney will

be required to render are:

a)    To advise Debtor with respect to her rights.

b)    To prepare pleading, applications, and conduct examinations incidental to

administration relating thereto; and

c)    To perform any and all other legal services incident and necessary herein.

4.

Said attorney represents no interests adverse to the Debtor.

5.

The terms of the employment of said attorney agreed to by the Debtor is as follows:

1.    Attorney fees of 1/3.

2.    Expenses incurred, if any.

6.

The Debtor's personal injury claim has not been settled at this time.

Respectfully submitted,

Lisa D. Loftin
Attorney At Law
Van Pelt Law Firm

527 Newnan Street
Carrollton, Georgia 30117
(770) 832-0295
Georgia State Bar No. 455716

5

## DECLARATION OF ATTORNEY

I, John Dufour, declare:

1.

I am an attorney duly admitted to practice before all courts of the State of Georgia.

2.

I am an attorney seeking to be employed pursuant to the Application to which this Declaration is attached. I am duly admitted to practice in this state and before this Court.

3.

I have substantial experience in civil cases. I commenced and have been prosecuting for approximately three (3) months on behalf of the debtor in a personal injury claim based upon an incident which occurred on or about August 16, 1999. In the course of said representation, I have acquired a wealth of factual information and background which will facilitate prosecuting or completion said action on behalf of the debtor and the bankruptcy estate. I am willing to accept employment on the basis set forth in the application.

4.

Your declarant believes and alleges that pursuant to 11 U.S.C. sec. 327(e), I am not disqualified from representing the debtor or the bankruptcy estate specially in connection with the prosecution of the aforementioned claim. Your declarant represents and alleges that I do not represent any or hold any interest adverse to the debtor or to the estate with respect to the particular matter upon which I am to be employed.

6

I declare under penalty of perjury that the foregoing is true and correct.

This 28th day of January, 2000.

John Dufour
Georgia State Bar No._232140_

# THE VAN PELT LAW FIRM

**Attorneys at Law**

Ralph L. Van Pelt
Lisa D. Loftin
John T. Dufour

527 Newnan Street
Carrollton, Georgia 30117

Phone (770) 832-0295
Fax (770) 836-8819
www.DisabilityPay.com

## ATTORNEY–CLIENT CONTRACT

STATE OF GEORGIA
COUNTY OF CARROLL

   Entered into this day between _Betty Waldon_ (hereinafter referred to as the Client) and JOHN T. DUFOUR, Attorney at Law, in consideration of Ten Dollars ($10.00) and other valuable consideration being the mutual benefits and promises flowing between the parties, it is agreed as follows:

   The Client hereby employs John T. Dufour, Attorney at Law, for representation, prosecution and recovery and settlement in the matter of:

_Accident of 8-16-99_

   The Client agrees to pay said Attorney for his services as follows:

_1/3 of settlement proceeds, plus expenses_

   The Client agrees to furnish all documents and other pertinent information as requested by said Attorney.

   This _20_ day of _October_, 19_99_.

X _Betty C. Waldon_
CLIENT

John T. Dufour
Attorney at Law
527 Newnan Street
Carrollton, Georgia  30117
(770) 832-0295
State Bar No.  232140

SPOUSE

NATURAL PARENT AND
LEGAL GUARDIAN OF MINOR CHILD

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the within Application and Declaration upon the parties listed on Exhibit "A" and the following by placing same in the United States Mail with sufficient postage attached thereto to insure delivery:

Betty Walden
201 Northside Drive
Apartment I-6
Carrollton, GA 30117

M. Regina Thomas
Chapter 13 Trustee
Suite 300, The Equitable Building
100 Peachtree Street
Atlanta, Georgia 30303

Allen M. Trapp, Jr.
Attorney at Law
P.O. Box 2206
Carrollton, Georgia 30117

This 28th day of January, 2000.

Lisa D. Loftin
Attorney at Law
Van Pelt Law Firm

527 Newnan Street
Carrollton, Georgia 30117
770-832-0295
Georgia State Bar No. 455716

Blair Corporation
P.O. Box 740933
Dallas, TX 75374

Cash Loans Co.
302 N. Park Street # B
Carrollton, GA 30117

Farmers Furniture Carrollton
P.O. Box 1140
Dublin, GA 31040

Fingerhut
11 McLeland Road
St. Cloud, MN 56395

First Family Finance
1004 Bankhead Highway # 200A
Carrollton, GA 30117

First National Ban of Marin
P.O. Box 98872
Las Vegas, NV 89193

Friedman Jewelers
P.O. Box 8025
Savannah, GA 31412

Georgia Power
P.O. Box 105537
Atlanta, GA 30348

Heileg Meyers Credit
P.O. Box 29875
Richmond, VA 23242

Sears Roebuck
P.O. Box 450087
Atlanta, GA 31145

Exhibit A

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

IN RE:

BETTY C. WALDEN                    CHAPTER 13
    Debtor                         CASE NO. N99-12191-WHD
                       JUDGE: W. HOMER DRAKE, JR.

### AMENDMENT/MODIFICATION

Schedule B is amended to show that the debtor has a pending personal injury claim

with an unknown value.

Schedule C is amended to show that the Debtor will claim an exemption of $12,875.00

in settlement of any personal injury claim.

This the ___2___ day of _____2_____, 2000.



                          Allen M. Trapp, Jr.
P. O. Box 2206                          Ga. Bar No. 715535
Carrollton, Georgia 30117
770-830-8560

### AFFIDAVIT

The undersigned hereby declare under penalty of perjury that she has read the foregoing, and the statements made thereon are true and correct to the best of her knowledge, information and belief.

This the ___2___ day of _____2_____, 2000

*Betty C. Walden*
Debtor

11

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing AMENDMENT/MODIFICATION by depositing a copy in the United States mail in a properly addressed envelope with adequate postage affixed thereon.

M. Regina Thomas
Chapter 13 Trustee
Suite 300 The Equitable Building
100 Peachtree Street
Atlanta, Georgia 30303

and the attached list of creditors.

This the 7 day of February, 2000.

Allen M. Trapp, Jr.
Georgia Bar No. 715535

P. O. Box 2206
Carrollton, Georgia  30117
(770) 830-8560

12

Blair
220 Hickory Street
Warren, Pa. 16366


C.A.R.S.
496 Bankhead Highway
Carrollto, Ga. 30117


Cash Loans Company
302 B North Park
Carrollton, Ga. 30117


Farmers Furniture
812 So. Park Street
Carrollton, Ga. 30117


Fingerhut Corporation
11 McLeland Road
St. Cloud, Mn.
56365


First Family Financial
Services
1004 Bankhead Hwy.
Suite 200-A
Carrollton, Ga. 30117

Friedman's Jewelers
1319 S. Park Street
Carrollton, Ga. 30117


Ga. Power Company
P. O. Box 105537
Atlanta, Ga. 30348


Heilig-Meyers
1004 Bankhead Hwy.
Carrollton, Ga. 30117


Sears
PO Box 450087
Atlanta, Ga. 30345

VISA
1st National Bank of
Marin
P. O. Box 98873
Las Vegas, Nv. 89193

Nationwide Recovery
Service
P. O,. Box 724746
Atlanta, Ga. 30339



# THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF GEORGIA

## NEWNAN DIVISION

IN RE:                                    *      Case # N99-12191

BETTY C. WALDEN                           *      Chapter 13

    Debtor                                *      W. Homer Drake, Jr., Judge

### ORDER ALLOWING EMPLOYMENT OF ATTORNEY

The debtors' application for employment of attorney John Dufour for representation in a personal injury claim having come before this court for a hearing on the 2nd day of March, 2000 at 9:30 a.m. and it appearing no party has filed an appearance in opposition to said application, it is hereby

**Ordered, Adjudged and Decreed** that John Dufour shall be allowed to represent the debtors in accordance with the attorney-client contract filed with the application. No disbursement of funds pursuant to a settlement may be made without approval from this court.

SO ORDERED this ___ day of March, 2000, 1999.

W. Homer Drake, Jr., Judge
U.S. Bankruptcy Court

Order prepared by:                        No opposition:

Lisa D. Loftin                            Ron C. Bingham, II
Attorney for Debtor                       Attorney for the Chapter 13 Trustee
Georgia State Bar No. 455716              Georgia State Bar No. 057240

RECEIVED MAR 1 0 2000

16

15

Notice sent to:

    Allen M. Trapp Jr.
    PO Box 2206
    Carrollton, GA 30117-0595


    Betty C. Walden
    301 Northside Drive
    apt I-6
    Carrollton, GA 30117


    1434 M. Regina Thomas
    Chapter 13 Trustee
    Suite 300, The Equitable Building
    100 Peachtree Street NW
    Atlanta, GA 30303-1901


    John T. Dufour
    Ralph Van Pelt
    527 Newnan Street
    Carrollton, GA 30117


I certify that I served the foregoing document(s) on the above listed
parties at the addresses shown, through the United States Mail, or (as
applicable) by placing a copy in the respective attorney's mailbox
provided by the Clerk's Office on the 13th Floor of the United States
Courthouse, Atlanta, Georgia.


Date: _____MAR 1 4 2009_____      W. Yvonne Evans, Clerk of Court


                                  By:_____

## DISTRIBUTION LIST

Ron C. Bingham, II
Attorney for the Chapter 13 Trustee
Suite 300, The Equitable Building
100 Peachtree Street
Atlanta, Georgia 30303

Lisa D. Loftin
Attorney at Law
527 Newnan Street
Carrollton, Georgia 30117

Betty Walden
201 Northside Drive
Apartment I-6
Carrollton, GA 30117

Allen M. Trapp, Jr.
Attorney at Law
P.O. Box 2206
Carrollton, Georgia 30117



# THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF GEORGIA

### NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | * | Case # N99-12191 |
| BETTY C. WALDEN | * | Chapter 13 |
| Debtor | * | W. Homer Drake, Jr., Judge |

## DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT

COMES now Betty C. Walden, debtor herein, and respectfully represents:

1.

Debtor has employed John Dufour as her attorney for representation in an automobile accident/personal injury claim. Debtor's Application for Employment of Attorney was approved by this Court on March 14, 2000.

2.

Debtor's personal injury case has been settled in the amount of $11,000.00.

3.

The terms of the employment of said attorney agreed to by the Debtors are as follows: Attorney's fees of 1/3 plus expenses.



4.

If approved, the settlement proceeds shall be disbursed as follows:

| | | |
|---|---|---|
| 1) | 1/3 per Attorney-client Contract | $3,666.67 |
| 2) | Expenses | 414.52 |
| 3) | Medicaid Lien / State of Georgia | 145.88 |
| 4) | Exempt proceeds to debtor | $6,772.93 |

5.

Debtor shows she is entitled to exempt all of said settlement in this bankruptcy case
pursuant to O.C.G.A. Section 44-13-100 (11)(D).

Respectfully submitted,

John Dufour
Attorney At Law
Van Pelt & Dufour

527 Newnan Street
Carrollton, Georgia 30117
(770) 832-0295
Georgia State Bar No. 232140

## SETTLEMENT STATEMENT

### August 9, 2000

IN RE:                    Injured Party - Betty Walden
                          Date of Injury - 10/20/99


Amount received from State Farm.....................$11,000.00

**LESS- Attorney's Fees**

John T. Dufour...........................$3,666.67

                                                    **$7,333.33**

**LESS- Attorney Expenses**

Medical Records.........................$ 251.93
Medical Expenses........................$ 162.59

                                                    **$6,918.81**

**LESS- Medical Liens**

                                                    145.88
Medicaid


**Remainder** to Betty Walden..........................$6,772.93

TOTAL DISBURSED:                       $11,000.00

I/We hereby consent to the above disbursement and the fees paid to
my/our attorney, John T. Dufour.

I/We understand and acknowledge that I/we will be responsible for
any medical expenses and other expenses due medical providers,
insurance company, or any other entity. I/We understand and
acknowledge that I/we will be responsible for any "Third Party
Liability" Lien(s) with any Group Health Insurance, Med-Pay Auto
Insurance, or any other entity.

I/We have requested that my/our attorney release all settlement
proceeds to me/us less attorney's fees, client expenses and medical
provide liens only as shown above. I/we understand that my/our
attorney has not taken out any of the other medical expenses from
the settlement proceeds.

I further certify that I am currently in a Chapter 13 Bankruptcy.


_____                    _____
BETTY WALDEN                                        DATE

20



# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION

IN THE MATTER OF:               :       **CASE NUMBER**
                                :
BETTY C. WALDEN,                :       99-12191-WHD
                                :
                                :       IN PROCEEDINGS UNDER
                                :       CHAPTER 13 OF THE
            DEBTOR.             :       BANKRUPTCY CODE

## <u>ORDER</u>

On August 10, 2000, the Debtor filed a "Motion for Approval of Settlement." In her

motion, the Debtor claims entitlement to all of the exempt proceeds of a personal injury

settlement.  The Chapter 13 Trustee opposes the Debtor's motion on the ground that a

portion of the settlement proceeds should be considered disposable income and paid to her

for the benefit of creditors.  A hearing was held on October 5, 2000, after which the Court

took the motion under advisement.

It appears to the Court that the facts and issue in the instant case are virtually

identical to the facts and issue in the case of *In re Hunton*, Case No. 98-12687.  On

October 11, 2000, in the *Hunton* case, the Court entered an order holding that exempt

settlement proceeds do not constitute disposable income for purposes of 11 U.S.C.

§ 1325(b). The Chapter 13 Trustee timely filed a motion for reconsideration of the Court's

October 11th *Hunton* order.  A hearing on the motion for reconsideration has been

scheduled for November 16, 2000 at 9:30 a.m, Second Floor Courtroom, Lewis R. Morgan



Courthouse and Federal Building, 18 Greenville Street, Newnan, Georgia. Since the Court will revisit the legal issue presented in these two cases, counsel for the Debtor is invited to attend the upcoming hearing and present argument.

**IT IS SO ORDERED.**

At Newnan, Georgia, this ____ day of November, 2000.


W. HOMER DRAKE, JR.
UNITED STATES BANKRUPTCY JUDGE

2

Notice sent to:

    8032 Allen M. Trapp Jr.
    PO Box 2206
    Carrollton, GA 30117-0595

    Betty C. Walden
    301 Northside Drive
    apt I-6
    Carrollton, GA 30117

    1434 M. Regina Thomas
    Chapter 13 Trustee
    Suite 300, The Equitable Building
    100 Peachtree Street NW
    Atlanta, GA 30303-1901

    John T. Dufour
    Ralph Van Pelt
    527 Newnan Street
    Carrollton, GA 30117

Pursuant to Fed. R. Bank. P. 9022 and 7005, I certify that on the date
stated below, I served a copy of the foregoing document(s) on each persons
and entities named in the foregoing list either by United States Mail at
the respective addresses shown or, if an attorney subscribes to a mail
pick-up box in the Clerk's Office, by placing a copy in such attorney's
mail pick-up box.

Date: _____    W. Yvonne Evans, Clerk of Court

    By: _____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

ENTERED ON DOCKET
DEC 0 8 201

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CASE NUMBER |
| | : | |
| BETTY C. WALDEN, | : | 99-12191-WHD |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 13 OF THE |
| | : | BANKRUPTCY CODE |
| DEBTOR. | : | |

## O R D E R

Before the Court in the above-referenced case is the "Debtor's Motion for Approval of Settlement" filed on August 10, 2000 (hereinafter "Motion"). In her Motion, the Debtor seeks permission to retain as exempt property the net proceeds ($6,772.93) of a personal injury settlement. The settlement proceeds were claimed as exempt by the Debtor on February 7, 2000, and no creditor or interested party objected to said claim of exemption. At a hearing on October 5, 2000, the Chapter 13 Trustee objected to the Debtor's Motion on the ground that at least a portion of the net proceeds should be deemed "disposable income" and turned over to her for the benefit of creditors.

By order entered October 11, 2000 in *Matter of Hunton*, 253 B.R. 580 (Bankr. N.D. Ga. 2000) (Drake, B.J.), the Court concluded that exempt personal injury settlement proceeds do not constitute "disposable income." For purposes of this case, the Court adopts the rule of law and the reasoning set forth in *Hunton*. Accordingly, the Debtor's Motion is **GRANTED** and the Chapter 13 Trustee's objection thereto is **OVERRULED**. The Debtor is entitled to the net settlement proceeds.

**IT IS SO ORDERED.**

At Newnan, Georgia, this ____ day of December, 2000.

W. HOMER DRAKE, JR.
UNITED STATES BANKRUPTCY JUDGE

AO 72A
(Rev.8/82)

24

Notice sent to:

8032 Allen M. Trapp Jr.
PO Box 2206
Carrollton, GA 30117-0595

Betty C. Walden
301 Northside Drive
apt I-6
Carrollton, GA 30117

1434 M. Regina Thomas
Chapter 13 Trustee
Suite 300, The Equitable Building
100 Peachtree Street NW
Atlanta, GA 30303-1901

John T. Dufour
Ralph Van Pelt
527 Newnan Street
Carrollton, GA 30117

Pursuant to Fed. R. Bank. P. 9022 and 7005, I certify that on the date
stated below, I served a copy of the foregoing document(s) on each persons
and entities named in the foregoing list either by United States Mail at
the respective addresses shown or, if an attorney subscribes to a mail
pick-up box in the Clerk's Office, by placing a copy in such attorney's
mail pick-up box.

Date: _____       W. Yvonne Evans, Clerk of Court

By: _____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION

ENTERED ON DOCKET

MAR 06 2001

IN THE MATTER OF:  :  **CASE NUMBER**
                   :
BETTY C. WALDEN,   :  99-12191-WHD
                   :
                   :  IN PROCEEDINGS UNDER
                   :  CHAPTER 13 OF THE
DEBTOR.            :  BANKRUPTCY CODE

## O R D E R

Before the Court is the Chapter 13 Trustee's "Motion for Stay Pending Appeal" filed on January 17, 2001 (hereinafter "Stay Motion"). A hearing on the Stay Motion was held on February 22, 2001. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). The Court's decision is based on the following reasoning.

### BACKGROUND

Betty C. Walden (hereinafter the "Debtor") filed a Chapter 13 bankruptcy petition on August 16, 1999. Her one percent (1%) plan was confirmed on September 23, 1999. On August 10, 2000, the Debtor filed a "Motion for Approval of Settlement" (hereinafter "Settlement Motion"). In her Settlement Motion, the Debtor sought authority to settle a personal injury claim which arose out of her involvement in an automobile accident. The settlement was for $11,000. After payment of attorney's fees and medical costs, $6,772.93 of the settlement proceeds remained for distribution to the Debtor. As part of her Settlement Motion, the Debtor sought payment of the entire $6,772.93. The Debtor

26

AO 72A
(Rev.8/82)



reasoned that since she had previously claimed the settlement proceeds as exempt property in her bankruptcy case, to which no interested party objected, she was entitled to all of the net proceeds.  At a hearing on October 5, 2000, the Chapter 13 Trustee interposed an objection to the Debtor's Settlement Motion.  The Chapter 13 Trustee argued that the net proceeds should be deemed "disposable income" and turned over to her for the benefit of the Debtor's unsecured creditors.

By order entered October 11, 2000 in *Matter of Hunton*, 253 B.R. 580 (Bankr. N.D. Ga. 2000) (Drake, B.J.), the Court concluded that exempt personal injury settlement proceeds do not constitute "disposable income."  The Court based its decision on its interpretation of the Eleventh Circuit's opinion in *Gamble v. Brown (In re Gamble)*, 168 F.3d 442 (11th Cir. 1999).  For purposes of the instant case, in an order entered on December 8, 2000, the Court adopted the rule of law and the reasoning set forth in *Hunton*. As such, the Court granted the Debtor's Settlement Motion and overruled the Chapter 13 Trustee's objection.  The last sentence of the Court's December 8, 2000 order provides that "[t]he Debtor is entitled to the net settlement proceeds."

On December 18, 2000, the Chapter 13 Trustee filed a timely notice of appeal of the Court's December 8, 2000 order.  However, the Chapter 13 Trustee's Stay Motion was not filed until January 17, 2001.  In paragraph six of the Stay Motion, the Chapter 13 Trustee states that "[i]f the funds are disbursed, there may be irreparable harm in that the funds will be dissipated and unavailable should the appellate court rule in the Trustee's favor." (Stay

2

AO 72A
(Rev.8/82)

Motion at ¶ 6). At the hearing on the Stay Motion, John Dufour, the Debtor's personal

injury lawyer (hereinafter "Counsel"), advised the Court that he remitted the net settlement

proceeds to the Debtor within a few days of entry of the December 8, 2000 order. Counsel

further advised the Court that the Debtor has already spent the money.

## DISCUSSION

To obtain a stay pending appeal, the Chapter 13 Trustee must demonstrate that:

1. she is likely to prevail on the merits on appeal;
2. she will suffer irreparable harm if a stay is not granted;
3. other parties to the litigation will not be substantially harmed by the imposition of a stay; and
4. the public interest will not be jeopardized if a stay is granted.

*In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir. 1997); *In re All Funds

in Accounts in the Names Registry Publ'g, Inc.*, 58 F.3d 855, 856 (2d Cir. 1995); *Hunt v.

Bankers Trust Co.*, 799 F.2d 1060, 1067 (5th Cir. 1987); 10 COLLIER ON BANKRUPTCY ¶

8005.06 at 8005-08 (15th rev. ed. 1998). *See also S & M Constructors, Inc. v. Foley Co.*,

959 F.2d 97 (8th Cir. 1992), *cert. denied*, 506 U.S. 863 (1992). Of the four factors

identified above, the Chapter 13 Trustee's likelihood of success on appeal is the most

significant. *S & M Constructors*, 959 F.2d at 98 (citations omitted).

Whether exempt settlement proceeds constitute disposable income under

§ 1325(b)(2) of the Bankruptcy Code is the legal issue on appeal. In the *Hunton* case, the

Court recognized that its holding is contrary to the majority of courts which have

3

considered the issue. *Hunton*, 253 B.R. 581-82. For this reason, the Chapter 13 Trustee

has a meritorious case, and the Court acknowledges that she may prevail on appeal.[1]

The second factor the Chapter 13 Trustee must demonstrate is that she will suffer

irreparable harm if the Court does not grant a stay. But for the fact that the settlement

proceeds have already been tendered to and spent by the Debtor, the Court would agree that

the Chapter 13 Trustee would be harmed if a stay was not imposed. Here, the harm to the

Chapter 13 Trustee occurred prior to the filing of the Stay Motion, as neither the Debtor nor

Counsel have possession of the money which is the subject of the appeal. The Chapter 13

Trustee's proposed solution to this problem is for the Court to require Counsel to post an

appeal bond. As authority for this proposition, the Chapter 13 Trustee notes that Rule 62

of the Federal Rules of Civil Procedure, made applicable to bankruptcy by Rule 7062 of

the Federal Rules of Bankruptcy Procedure, provides that "no execution shall issue upon

a judgment nor shall proceedings be taken for its enforcement until the expiration of 10

days after its entry." FED. R. CIV. P. 62(a). The Chapter 13 Trustee reasons that Counsel

acted prematurely, and in violation of Rule 62(a), by releasing the net proceeds to the

Debtor before the expiration of the ten-day period. Therefore, the Chapter 13 Trustee

would have the Court hold Counsel responsible for posting an appeal bond.

Resolution of this issue turns in part on the proper characterization of this

proceeding. The Debtor's Settlement Motion, and the Chapter 13 Trustee's objection

---

[1] Incidentally, the Court is of the view that the issue needs to be resolved by the
appellate courts.

4

AO 72A
(Rev.8/82)

thereto, does not qualify as an adversary proceeding under Rule 7001 of the Federal Rules

of Bankruptcy Procedure.[2]  Instead, this dispute is a "contested matter" governed by

Bankruptcy Rule 9014.  *See* FED. R. BANKR. P. 9014 advisory committee note (noting that

"[w]henever there is an actual dispute, other than an adversary proceeding, before the

bankruptcy court, the litigation to resolve that dispute is a contested matter").  The

significance of treating the Settlement Motion as a contested matter is that since August 1,

1999, Bankruptcy Rule 7062 and Federal Rule 62 do not, as a matter of right, apply to

---

[2]  The following are adversary proceedings under Bankruptcy Rule 7001:

(1) a proceeding to recover money or property, other than a proceeding to
compel the debtor to deliver property to the trustee, or a proceeding under
§ 554(b) or § 725 of the Code, Rule 2017, or Rule 6002;
(2) a proceeding to determine the validity, priority, or extent of a lien or other
interest in property, other than a proceeding under Rule 4003(d);
(3) a proceeding to obtain approval under § 363(h) for the sale of both the
interest of the estate and of a co-owner in property;
(4) a proceeding to object to or revoke a discharge;
(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter
12, or chapter 13 plan;
(6) a proceeding to determine the dischargeability of a debt;
(7) a proceeding to obtain an injunction or other equitable relief, except when
a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;
(8) a proceeding to subordinate any allowed claim or interest, except when
a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for
subordination;
(9) a proceeding to obtain a declaratory judgment relating to any of the
foregoing; or
(10) a proceeding to determine a claim or cause of action removed under 28
U.S.C. § 1452.

FED. R. BANKR. P. 7001.

5

contested matters.[3] The ten-day automatic stay of the enforcement of a judgment required by Rule 62(a) only applies to contested matters if the bankruptcy court so directs. At the time Counsel released the settlement proceeds to the Debtor, the Court had not made Rule 62(a) applicable to this case. Thus, Counsel did not violate Rule 62 by disbursing the funds to the Debtor.

In addition, Counsel advised the Court that upon his receipt of the December 8, 2000 order, he felt obligated to remit the settlement proceeds, which he was then holding in escrow, to the Debtor. Counsel based his decision on the specific language in the order that "[t]he Debtor is entitled to the net settlement proceeds." The Court finds no fault with Counsel's conduct, as he was simply obeying a lawful order.

As for the other two factors which must be shown to obtain a stay pending appeal, the imposition of a stay under the circumstances here will not harm the Debtor. Moreover, the interest of the general public will certainly not be threatened by the granting of the Chapter 13 Trustee's Stay Motion.

## CONCLUSION

Having given this matter its careful consideration, the Court concludes that the Chapter 13 Trustee has failed to establish the second factor of the four factor test.

---

[3]  Prior to August 1, 1999, Bankruptcy Rule 9014 specifically provided that Bankruptcy Rule 7062 was applicable to contested matters. Bankruptcy Rule 9014 was amended however, effective August 1, 1999, to delete the reference to Bankruptcy Rule 7062.

6

AO 72A
(Rev.8/82)

Inasmuch as the settlement proceeds have already been dissipated, it cannot be said that

the Chapter 13 Trustee will suffer irreparable harm if a stay is not granted. Accordingly,

the Chapter 13 Trustee's Motion is hereby **DENIED**. The Chapter 13 Trustee's request for

an order directing Counsel to post an appeal bond is likewise **DENIED**.

**IT IS SO ORDERED.**

At Newnan, Georgia, this ___6___ day of March, 2001

W. HOMER DRAKE, JR.
UNITED STATES BANKRUPTCY JUDGE

7

Notice sent to:

    8032 Allen M. Trapp Jr.
    PO Box 2206
    Carrollton, GA 30117-0595


    Betty C. Walden
    301 Northside Drive
    apt I-6
    Carrollton, GA 30117


    1434 M. Regina Thomas
    Chapter 13 Trustee
    Suite 300, The Equitable Building
    100 Peachtree Street NW
    Atlanta, GA 30303-1901


    John T. Dufour
    Ralph Van Pelt
    527 Newnan Street
    Carrollton, GA 30117


Pursuant to Fed. R. Bank. P. 9022 and 7005, I certify that on the date
stated below, I served a copy of the foregoing document(s) on each persons
and entities named in the foregoing list either by United States Mail at
the respective addresses shown or, if an attorney subscribes to a mail
pick-up box in the Clerk's Office, by placing a copy in such attorney's
mail pick-up box.

Date: _Mar 6, 2001_       W. Yvonne Evans, Clerk of Court


By: _Donna J Campbell_

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

JAN 2 3 2002

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

REGINA THOMAS, Chapter 13
Trustee,

    Appellant,

    v.

BETTY C. WALDEN,

    Appellee.

CIVIL ACTION
NO. 3:01-CV-52-JTC

ATTEST: A TRUE COPY
CERTIFIED THIS

JAN 2 3 2002

Luther D. Thomas, Clerk
By: _____
Deputy Clerk

## O R D E R

This case is before the Court on appeal from the Bankruptcy Court's
November 8, 2000 Order. The Bankruptcy Court's Order granted Appellees'
("Debtor") Motion to Approve Settlement of Personal Injury Claim and
Disbursement of Proceeds despite Appellant's objection. On December 18,
2001, Appellant ("Trustee") filed a timely notice of appeal challenging the
Bankruptcy Court's decision.

## I.  BACKGROUND

On September 23, 1999, the Bankruptcy Court confirmed Debtor's
proposed Chapter 13 plan. On February 7, 2000, Debtor amended her
payment schedule to exempt a total of $12,875.00 from the settlement of a
personal injury lawsuit. Neither the Trustee nor the creditors filed

1

objections to the claimed exemption. Six months later, Debtor filed a Motion

to Approve Settlement of Personal Injury Claim and Disbursement of

Proceeds. The Trustee objected to the motion, asserting that a portion of the

settlement proceeds was "disposable income" which should be committed to

the Chapter 13 repayment plan. The Bankruptcy Court granted Debtor's

motion, approved the personal injury settlement, and overruled the Trustee's

objection. The Trustee subsequently filed this appeal. The issue this appeal

presents is whether the debtor's exemption of the net settlement proceeds

prevents the Trustee from considering the settlement "disposable income"

available for the plan.

## II.  STANDARD OF REVIEW

The Court has jurisdiction over this bankruptcy appeal pursuant to 28

U.S.C. § 158(a). Because the issue involves a conclusion of law, the Court

reviews the Bankruptcy Court's Order de novo. Fidelity & Deposit Company

of Maryland v. Morris (In re Morris), 950 F.2d 1531 (11th Cir. 1992); In re

Sublett, 895 F.2d 1381, 1383 (11th Cir. 1990).

## III.  ANALYSIS

"Upon the filing of a chapter 13 petition in bankruptcy, the property of

the debtor becomes property of the bankruptcy estate." Gamble v. Brown (In

re Gamble), 168 F.3d 442, 444 (11th Cir. 1999). However, a debtor may

2

exempt certain of its property from distribution to creditors by properly filing a claim of exemption in the property. See 11 U.S.C. § 522; Fed. R. Bankr. P. 4003(a). Unless a party in interest objects within 30 days of the meeting of creditors or a subsequent amendment, the claimed property is exempted under § 522 and "is not liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case . . . ." 11 U.S.C. § 522(c); Fed. R. Bankr. P. 4003(b). "Once the property is removed from the estate through exemption, the debtor may use it as his own." Gamble, 168 F.3d at 444.

The Trustee in this case acknowledges that Debtor exempted the proceeds from the personal injury settlement without objection. However, she contends that a portion of the settlement nonetheless constitutes "disposable income" which must be committed to the Chapter 13 repayment plan. See 11 U.S.C. § 1325(b). Section 1325 requires a Chapter 13 debtor to make all of her "disposable income" available for distribution to creditors. The statute defines "disposable income" as "income which is received by the debtor and which is not reasonably necessary to be expended – (A) for the maintenance or support of the debtor or a dependent of the debtor . . . ." 11 U.S.C. § 1325(b)(2).

The issue requires reconciling § 522(c), which provides for the

3

exemption of certain assets from liability to prepetition creditors, with

§ 1325(b)(1)(B), which provides that a Chapter 13 Debtor must place all of his

disposable income into the hands of the Trustee for distribution during the

plan. As one court has noted, it seems unfair that a Chapter 13 debtor who is

allowed to maintain possession of all of his assets in return for surrendering

future income be allowed nevertheless to keep substantial "disposable" future

income because of exemption rules that serve little purpose in Chapter 13.

See In re Graham, 258 B.R. 286, 289 (M.D. Fla. 2001).

The majority view is that property exempted under § 522(c) may be

treated as "disposable income" under § 1325(b)(1)(B). See Graham, 258 B.R.

at 290 (noting that the majority of courts have found that § 522 does not

render income from exempt property immune based upon the inherent

differences between Chapter 7 and Chapter 13); Stuart v. Koch (In re Koch),

109 F.3d 1285, 1289 (8th Cir. 1997)(determining that § 522 does not render

income from exempt property immune because "Chapter 13 contains no

language suggesting that exempt post-petition revenues are not disposable

income"); Claude v. Gaertner (In re Claude), 206 B.R. 374 (W.D. Pa.

1997)(concluding that settlement proceeds are only exempt to the extent that

they are reasonably necessary for the support of the debtors or their

dependents).

4

The Bankruptcy Court, however, correctly recognized that the Eleventh Circuit has provided controlling precedent that resolves the exemption/disposable income dispute where no party timely objected to the § 522 exemption. The Eleventh Circuit has explicitly concluded that "once the property is removed from the estate through exemption, the debtor may use it as his own." Gamble, 168 F.3d at 444-45. In Gamble, the debtors sold real property during the pendency of their Chapter 13 case and claimed an exemption in the proceeds. Neither the trustee nor any other interested party objected to the exemption. Soon thereafter, the debtors requested the exempt proceeds be returned to them. The bankruptcy court denied this request, determining that the settlement proceeds must be safeguarded and preserved by the trustee in the event of a dismissal. The Eleventh Circuit rejected the reasoning of the bankruptcy court and remanded the case with instructions to immediately return the exempt property to the debtors. In making this decision, the Eleventh Circuit stated that

> [n]either the trustee nor any creditor objected to the Gambles'
> exemption of the property from the bankruptcy estate. Thus the
> property became exempt. The plain language of the bankruptcy
> code and precedent from this court are clear that exempt property
> is no longer part of the bankruptcy estate, and is available for the
> debtor's use.

Gamble, 168 F.3d at 444-45. The Gamble court was not impressed by the distinction between Chapter 7 and Chapter 13 upon which the majority

5

opinions base their treatment of exempt property as "disposable income." Id.
at 445.

In the case at bar, Debtor amended her payment schedule to exempt a
total of $12,875.00 from the settlement of a personal injury lawsuit. Neither
the Trustee nor the creditors objected to the exemption. Because exempt
property is no longer a part of the bankruptcy estate, the settlement proceeds
are "available for the debtor's use." Gamble, 18 F.3d at 444-45; Hunton, 253
B.R. at 582; In re Graham, 258 B.R. 286, 292-93 (Bankr. M.D. Fla. 2001)("The
Court finds that the instant case fits squarely into the rule of Gamble and
therefore the personal injury settlement may not be treated as 'disposable
income'"). Because exempted settlement proceeds are "released completely
into the custody, use and enjoyment of Debtor without qualification," they
should not be applied to Debtor's Chapter 13 repayment plan. Graham, 258
B.R. at 293. As a result, the exempt settlement proceeds do not constitute
"disposable income" under Section 1325(b). See Graham, 258 B.R. at 293;
Hunton, 253 B.R. at 582; In re Ferretti, 203 B.R. 796, 800 (Bankr. S.D. Fla.
1996)(exempt personal injury settlement proceeds should not be factored into
the disposable income test).

The trustee is not without the ability to protect the assets available for
the plan. For example, the holding in Gamble may not apply in situations

6

where an objection to a claimed exemption has been timely filed.

Furthermore, the Bankruptcy Court must determine that the plan was

proposed in good faith.  See 11 U.S.C. § 1325(a)(3).  In unusual situations,

confirmation might be withheld unless the debtor were willing to sacrifice

some exempt income to satisfy the good faith standard.  See In re Graham,

258 B.R. at 292, n.2.

### IV. CONCLUSION

Based upon the foregoing, the decision of the Bankruptcy Court is

AFFIRMED.  The Bankruptcy Court properly granted Debtor's Motion for

Approval of Settlement and overruled the Trustee's objections.  The exempt

settlement proceeds do not constitute "disposable income" under Section

1325(b).

SO ORDERED, this ___18___ day of January, 2002.

JACK T. CAMP
UNITED STATES DISTRICT JUDGE

7

40

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | | |
|---|---|---|
| Betty C. Walden, | : | |
| Debtor | : | Bankruptcy Case No. |
| | : | 99-12191 |
| M. Regina Thomas, Chapter 13 Trustee, | : | |
| Appellant, | : | Civil Action No. |
| v. | : | 3:01-cv-52-JTC |
| Betty C. Walden, | : | |
| Appellee. | : | |

ATTEST: A TRUE COPY
CERTIFIED THIS

JAN 2 3 2002

Luther D. Thomas, Clerk
By:
Deputy Clerk

### J U D G M E N T

This action having come before the court, Honorable , United States District Judge,

for consideration of the appeal of the bankruptcy order entered November 8, 2000, and the

court having rendered its decision, it is

Ordered and Adjudged that the order of the bankruptcy court is affirmed and the

appeal is dismissed.

Dated at Newnan, Georgia this 23rd day of January, 2001.

Luther D. Thomas, Clerk

By:

Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
January 23, 2002
Luther D. Thomas, Clerk

By:
Deputy Clerk

41

BK 99-12191-whd   Doc # 47   Filed: 07/29/2002   Entered: 08/02/2002 12:59 PM
Doc Part: 1   Main Document -- Page 1 of 7

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA

**NEWNAN DIVISION**   FILED IN CLERK'S OFFICE
**P.O. BOX 939**   U.S. BANKRUPTCY COURT
**NEWNAN, GEORGIA 30264**   NORTHERN DISTRICT
OF GEORGIA

**LUTHER D. THOMAS**
**CLERK OF COURT**

02 AUG -2  AM 10: 09     878-423-3090

W. YVONNE EVANS
CLERK

July 29, 2002

BY_____
DEPUTY CLERK

Ms. Yvonne Evans, Clerk
United States Bankruptcy Court
Northern District of Georgia
Newnan Division
18 Greenville Street
Newnan, GA  30263

Re:   **Civil Action No. 3:01-cv-52-JTC**
**Bankruptcy No.  99-12191**

**Betty C. Walden, Debtor**

Dear Ms. Evans:

Enclosed please find a certified copy of the final judgment from the Eleventh
Circuit Court of Appeals.  The bankruptcy record is also enclosed.  Please
acknowledge receipt by returning the enclosed copy of this letter.

Sincerely,

Luther D. Thomas
Clerk of Court

By:

Sherry Gibbons
Deputy Clerk

Enclosures

# United States Court of Appeals
## For the Eleventh Circuit

No. 02-10613

District Court Docket No.
01-00052-CV-JTC-3

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jun 13, 2002

THOMAS K. KAHN
CLERK

In Re:

BETTY C. WALDEN,

Debtor.

FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

JUL 29 2002

LUTHER D. THOMAS
By:            Deputy Clerk

M. REGINA THOMAS,
as Chapter 13 Trustee,

Plaintiff-Appellant,

versus

BETTY C. WALDEN,

Defendant-Appellee.

A True Copy - Attested:
Clerk U.S. Court of Appeals
Eleventh Circuit

By:
Deputy Clerk
Atlanta, Georgia

Appeal from the United States District Court
for the Northern District of Georgia

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached  opinion included herein by reference, is entered as the judgment of this Court.

Entered:        June 13, 2002
For the Court:  Thomas K. Kahn, Clerk
By:             Eggleston, Nataki

ISSUED AS MANDATE
JUL 1 2 2002
U.S. COURT OF APPEALS
ATLANTA, GA.

ATTEST: A TRUE COPY
CERTIFIED THIS

JUL 29 2002

Luther D. Thomas, Clerk
By:
Deputy Clerk

[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JUN 1 3 2002

THOMAS K. KAHN
CLERK
```

No. 02-10613
Non-Argument Calendar

D.C. Docket Nos. 01-00052-CV-JTC-3 &
99-12191-BKC-WH

In Re:

BETTY C. WALDEN,

Debtor.

M. REGINA THOMAS,
as Chapter 13 Trustee,

Plaintiff-Appellant,

versus

BETTY C. WALDEN,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Georgia

(June 13, 2002)

Before ANDERSON, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

M. Regina Thomas, Chapter 13 Trustee ("Trustee"), appeals the district court's affirmance of the bankruptcy court's decision, which granted Debtor Betty Walden's Motion for Approval of Settlement and overruled the Trustee's objections. We review the bankruptcy court's factual findings for clear error. See In re Fretz, 244 F.3d 1323, 1326 (11th Cir. 2001). We review the bankruptcy court's and district court's conclusions of law de novo. Id.

Upon thorough review of the record, as well as careful consideration of the parties' briefs, we find no reversible error and affirm.

The relevant facts may be stated briefly. On August 16, 1999, Walden filed her Chapter 13 petition. She submitted a proposed payment plan which provided for monthly payments in the amount of $155, with a 1% dividend to the unsecured creditors. On September 23, 1999, the bankruptcy court confirmed the proposed plan.

Thereafter, on February 7, 2000, Walden amended her payment schedule to exempt a total of $12,827 in settlement proceeds that she recovered in a personal injury action. Notably, neither the Trustee nor any other creditor objected to the amendment at that time and the bankruptcy court approved it, thereby exempting the settlement proceeds. See 11 U.S.C. § 522(l) ("Unless a party in interest objects, the

2

property claimed as exempt on such list is exempt."); see also Taylor v. Freeland &

Kronz, 503 U.S. 638, 643, 112 S. Ct. 1644, 1648, 118 L. Ed. 2d 280 (1992).

Six months later, Walden filed a Motion to Approve Settlement of Personal

Injury Claim and Disbursement of Proceeds. Only at that point did the Trustee object,

arguing that the already-exempted settlement proceeds should be characterized as

"disposable income" subject to Walden's Chapter 13 repayment plan.

The bankruptcy court concluded that the exempt settlement proceeds did not

constitute "disposable income" for purposes of 11 U.S.C. § 1325(b). On appeal to the

district court, the Trustee argued that Walden's exempted settlement proceeds did not

exempt the Trustee from considering the settlement as "disposable income," which

was available to creditors under the plan. The district court disagreed, noting that this

Court "has provided controlling precedent that resolves the exemption/disposable

income dispute where no party timely objected to the § 522 exemption. The Eleventh

Circuit has explicitly concluded that 'once the property is removed from the estate

through exemption, the debtor may use it as his own.' [In re] Gamble, 168 F.3d 442,

444-45 (11th Cir. 1999)." The district court affirmed the bankruptcy court's order.

This appeal followed.

The Trustee argues that the proceeds from Walden's personal injury settlement

constitute disposable income that Walden must apply towards her Chapter 13 Plan.

3

In making this argument, the Trustee concedes that the subject proceeds have been exempted by virtue of Walden's February 7, 2000 amendment to her payment schedule, to which the Trustee failed to object.

Our decision in Gamble controls in the case at bar. In Gamble, the debtors sold real property during the pendency of their Chapter 13 bankruptcy and claimed an exemption in the proceeds.  The trustee did not object to the claimed exemption. After the sale of the property was finalized, the debtors filed an amendment to their Chapter 13 proposed plan, requesting the exempt proceeds from the real estate sale to be returned to them.  After the bankruptcy court denied their request, on appeal, we remanded the case with instructions to immediately return the exempt property to the debtors.  In so holding, we stated the following:

> Neither the trustee nor any creditor objected to the Gambles' exemption of the . . . property from the bankruptcy estate.  Thus the property became exempt.  The plain language of the bankruptcy code and precedent from this court are clear that exempt property is no longer part of the bankruptcy estate, and is available for the debtor's use.

168 F.3d at 444. "[O]nce the debtor lists property as exempt from the estate, and neither the trustee nor the creditors object during the 30-day time period, the property no longer belongs to the estate and the debtor 'may use it as his own.'" Id. at 445

4

(quoting In re Hall, 752 F.2d 582, 584 (11th Cir. 1985), abrogated on other grounds

by In re Bland, 793 F.2d 1172, 1174 (11th Cir. 1986) (en banc)).

Here, the Trustee concedes that she did not timely object to the exemption of

the settlement proceeds.  Pursuant to Gamble, we can find no error in the district

court's conclusion that the proceeds are not subject to the bankruptcy estate.

**AFFIRMED.**

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By
Deputy Clerk
Atlanta, Georgia

5